GEORGE McINTYRE, RESPONDENT, v. RICHARD DAVIS, ROSE DAVIS, GEORGE JOSEPH WHITEHOUSE AND ALICE WHITEHOUSE, APPELLANTS.

Submitted October 26, 1928—Decided May 20, 1929.

For the appellants, *William A. Lord.*

For the respondent, *Corn & Silverman.*

The opinion of the court was delivered by

LLOYD, J. The plaintiff below sought in this action to recover the sum of $1,000 made as a deposit on an agreement of purchase of real estate in Livingston, Essex county, together with interest on said amount and search fees of $100.

The basis of the action was that the owners were unable to convey a marketable title as required by the agreement between the parties, and the alleged defective title arises out of the following circumstances:

The vendors derive title indirectly from Edward Moran who died in 1903 leaving a son, John Moran, and a number of other children and several grandchildren, two of the latter being minors. The property in question descended to the children and grandchildren, but was subject to three mortgages aggregating $1,800. In 1906 John Moran took assignments of these mortgages, holding them until 1910 when he filed a bill in chancery to foreclose them, making his co-heirs and one Palmer, a *terre* tenant, defendants. The clerk of the court was appointed guardian *ad litem* for the minor children. No answer being filed, a decree *pro confesso* was taken and the matter referred to a master who reported the balance due. On January 16th, 1911, a final decree was entered in favor of the complainant, execution followed and the mortgaged premises were sold to the complainant. The sale was confirmed and a deed delivered to Moran by the sheriff. It further appeared that no master's summons was ever served on the infant children or their guardian.

On this state of facts the learned trial judge held that the condition of the title was not "such as to put Mr. McIntyre [the plaintiff] in reasonable security that no flaw or doubt would come up to disturb his title to the property which he had agreed to purchase," and awarded to the plaintiff a verdict for return of the deposit and payment of the search fees.

The learned trial judge based his conclusion apparently on the possibility that the minor heirs (no master's summons having been issued to them) might yet have their rights determined by direct application to the Court of Chancery to have the foreclosure decree opened, and declined to express a view on the fundamental question of whether Robert Moran could thus become the owner to the exclusion of his co-heirs.

The legal effect of such a situation was before this court in the case of *Breitman* v. *Jaehnal*, 100 *N. J. Eq.* 559, where, under circumstances strikingly correspondent to the facts in the present case, we affirmed the decree below on the opinion of Vice-Chancellor Berry (99 *N. J. Eq.* 243), who, citing numerous authorities, said that "a tenant in common in possession and enjoyment of a common property occupies a confidential relation to his co-tenants and because of this relation there is an implied obligation on his part to sustain and protect the common title. Therefore, if a co-tenant in possession of common property purchases that property, either directly or indirectly, at a sale under foreclosure of a mortgage or deed of trust, the purchase will be deemed to have been made for the benefit of all of the co-tenants; provided, however, the other co-tenants elect within a reasonable time so to consider the purchase and offer to contribute their respective proportions of the purchase price."

It will thus be seen that quite apart from any rights which the infants may have to apply to the court to open the decree of foreclosure, their right is to have the title derived from the foreclosure held to be for their joint benefit for such reasonable time as the circumstances require to permit the joint tenants to tender contribution of the purchase price and demand their interest in the property. In the present case the elapse of such reasonable time does not appear, and the interest of the co-heirs of John Moran thus remaining capable of

488

assertion the title was not such as required the plaintiff to accept it as marketable.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.